Mr. Justice Clayton
delivered the opinion of the court.
This case involves the construction of the act of 1838, in regard to the lien of mechanics.
The bill was filed to subject the building, a part of which was erected by the complainants, to the payment of their account. The defence set up is, that Foote, who was in possession, and who employed the mechanics, had only a bond from Hoopes, binding him to make title, when the purchase-money should be paid; that in fact none had been paid, and the lot had been surrendered to Hoopes; that the title bond was upon record, and the complainants thus had notice of the rights of Hoopes.
It is conceded, by the counsel of the complainants, that they cannot go upon the lot for payment, but it is insisted that they may go upon the house.
The statute provides that every building shall be subject to the lien of the mechanic in preference to any other subsequent lien. H. & H. 378. It is very clear, however, that the lien can operate on nothing beyond the right of the person for whom the building was erected. Frazier v. Falconer, 7 S. & M. 235. Foote had no right to the lot, except subject to that of the vendor, which under the circumstances was at least equivalent to a mortgage. Tanner v. Hicks, 4 S. & M. 294. Indeed, it only amounted to a conditional sale, and if the contract were not complied with by the vejidee, it might be rescinded by the vendor. In that event, the purchaser would not be entitled to the improvements, or to compensation for them. The lien of the vendor was prior to that of the mechanic. The latter could stand in no better condition than the vendee; and he could not dispose of the improvements unless subject to the rights of the vendor. These complainants must occupy the same position.
As a general rule, whatever is annexed to the freehold becomes part' of it, and cannot be severed from it. There are many exceptions to the rule, but it applies with all its strictness between vendor and vendee. Stillman v. Hamer, 7 How. 423; 2 Kent, 345.
Decree affirmed.